ACCEPTED
15-25-00082-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/4/2025 12:56 PM
CHRISTOPHER A. PRINE
CLERK

# WITTLIFF | CUTTER | SABA PLLC

510 Baylor Street, Austin, Texas 78703
wittliffcutter.com

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/4/2025 12:56:38 PM
CHRISTOPHER A. PRINE
Clerk

December 4, 2025

*Via Electronic Filing*

Christopher A. Prine
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, Texas 78701

**Re:** **Response to Notice of Supplemental Authority, *State v. Arity 875, LLC*, (15-25-00082-CV)[1]**

Dear Mr. Prine,

Defendant-Appellee Arity 875, LLC ("Arity 875") writes in response to Plaintiff-Appellant's ("the State") notice of this Court's decision in *State v. Yelp, Inc.*, No. 15-24-00040-CV, 2025 WL 2936466 (Tex. App. [15th Dist.] Oct. 16, 2025). *Yelp*'s purposeful availment analysis is distinguishable, and the decision supports Arity 875's arguments for affirmance in key respects.

The lynchpin of *Yelp*'s purposeful availment analysis was that Yelp, Inc. ("Yelp") itself had posted a "Consumer Notice" on the business pages for Texas crisis pregnancy centers in its app. That is, Yelp "'deliberately reached out beyond its home by appending the Consumer Notice to Crisis Pregnancy Centers in Texas." 2025 WL 2936466, at *9 (cleaned up). *See also id.* at *11 (emphasizing that "Yelp took specific actions to *target* **its communication** at persons who were seeking help from Texas Crisis Pregnancy Centers") (bold emphasis added). Here, the State does not allege that Arity 875 engaged in any comparable communications.

Moreover, unlike Yelp, Arity 875 does not publish a website or app directed to Texas or, necessarily, derive revenue from the same. Yelp is more like the defendants in *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344 (4th Cir. 2020) and *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), cases the State cited in its opening brief but are distinguishable because, in both, the *defendant* was displaying ads to the *defendant's* own user base on a website the *defendant* owned and operated—factors that demonstrated the *defendant's* purposeful availment of the forum. *See* Arity 875 Appellee Br. at 34. Analogues to Yelp's app here, if any, are the various apps on which any advertising is displayed, not Arity 875. After all, the State does not

---

[1] It was recently discovered that this letter was inadvertently filed in the trial court on October 30, 2025 and as such is hereby submitted for this Court's consideration.

allege, nor could it, that Arity 875 owns or operates a website or app on which it displays location-targeted advertisements to its own "user base." *See id.* Tellingly, the State's reply brief offered no response on this point.

Not least, Yelp had employees in Texas (*see* 2025 WL 2936466, at *8), whereas the undisputed evidence here establishes that Arity 875 does not (*see* Arity 875 Appellee Br. at 11).

Meanwhile, *Yelp* supports affirmance in at least two ways. First, this Court reaffirmed that, when the trial court does not issue factual findings or legal conclusions, as here, "we presume all factual disputes were resolved in favor of the trial court's decision unless they are challenged on appeal." 2025 WL 2936466, at *3 (citation omitted). The State failed to cite, much less engage with, that standard on appeal. *See* Arity 875 Appellee Br. at 14 n.9. Second, this Court held that "allegations supporting jurisdiction" must be "included in the petition"—not "asserted elsewhere." *See* 2025 WL 2936466, at *4, *5. Yet here, the State routinely attempts to expand the appellate record with assertions completely absent from the State's First Amended Petition. *See, e.g.*, Arity 875 Appellee Br. at 20-21, 43-44, 54.

Respectfully submitted,

W. Reid Wittliff
Wittliff | Cutter | Saba, PLLC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108719680
Filing Code Description: Letter
Filing Description: Response Letter to Notice of Supplemental Authority
Status as of 12/4/2025 1:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rick Berlin | | Rick.Berlin@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Daniel Zwart | | Daniel.Zwart@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Kaylie Buettner | | Kaylie.Buettner@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Zoann Willis | | zoann.willis@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Meredith Spillane | | Meredith.Spillane@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Zeilic Contreras | | Zeilic.Contreras@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Carlos Fernandez | | Carlos.Fernandez@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Madeline Fogel | | madeline.fogel@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| Richard RMcCutcheon | | richard.mccutcheon@oag.texas.gov | 12/4/2025 12:56:38 PM | SENT |
| W. Reid Wittliff | | reid@wittliffcutter.com | 12/4/2025 12:56:38 PM | SENT |
| Jake Sommer | | jake@zwillgen.com | 12/4/2025 12:56:38 PM | SENT |
| Kelsey Harclerode | | kelsey@zwillgen.com | 12/4/2025 12:56:38 PM | SENT |
| Sudhir V. Rao | | sudhir.rao@zwillgen.com | 12/4/2025 12:56:38 PM | SENT |